SCHOTT, Judge.
Defendant was convicted of simple escape in violation of LSA-R.S. 14:110 and sentenced to two years at hard labor. At the time of this offense he had been sentenced to the Department of Corrections for a previous offense and was being held at the Department’s Jackson Baracks facility in New Orleans where he was participating in a maintenance program. The principal issue is whether defendant’s status was equivalent to participation in a work release program at the time of his escape so as to render his sentence illegal.
In August, 1984 as a participant in a maintenance program defendant was taken by bus from his Jackson Barracks detention facility to the nearby National Guard Compound where he was to work for the day. At the end of the day defendant failed to return to the prison. Nine months later he was apprehended when he was stopped for a traffic violation.
By his first assignment of error defendant contends the evidence was insufficient for the jury to convict him. He argues that his work at the National Guard facility placed him outside of the “lawful custody” of an officer of the Department of Corrections as provided by R.S. 14:110A(1) so that his departure could not qualify as an escape under the statute.
Defendant was apparently in the status defined by R.S. 15:832 D doing work at a public facility outside of the department. Paragraph D(l) provides that the authority contracting with the department must accept physical custody of the inmate who is participating in the program and paragraph D(6) obliges the authority to notify the department promptly of any escape. The statute thus contemplates that when the department sends an inmate to work on a public facility its officials are granted physical custody of the inmate while he is performing work under their supervision but “lawful custody” remains in the Department. Notwithstanding defendant’s story that when his work day was over it was raining too hard for him to get to the bus and he left because he was afraid of being sent back to the state penitentiary the evidence was sufficient to convince the jury that every element of the offense charged was proved beyond a reasonable doubt. This assignment has no merit.
By his other assignment defendant contends that the sentence of two years was illegal because the maintenance program in which he participated was equivalent to a “work release program,” escape from which carries a maximum sentence of one year under R.S. 14:110B(1).
According to the trial testimony of department officials a work release program enables the inmate to leave the detention facility to work for a private employer and earn wage for his work. This is consistent with the provisions of R.S. 15:1111 and 15:1135. In contrast, the maintenance program involves work on public facilities as previously discussed. That the two programs are distinct becomes readily apparent from the wording of the second paragraph of R.S. 15:893.1 as follows:
“In addition to the requirement above for the maintenance program eligibility no person shall be housed at Jackson Barracks on work release unless they are within 6 months of discharge and have had employment security verified in the area of the institution prior to assignment.”
This assignment is likewise without merit.
The conviction and sentence are affirmed.
AFFIRMED.